Inez Hereford Brown, George A. Radford, Albert M. Keller and Mercantile Trust Company, Executors under Will of Paul Brown, v. State of Missouri; Charles W. Holtcamp, Judge of Probate Court; Henry A. Baker, Appraiser; Stratton Shartel, Attorney-General; Larry Brunk, State Treasurer, and Albert L. Schweitzer, Prosecuting Attorney, Appellants.— 19 S. W. (2d) 12.

Court en Banc, June 13, 1929.

*Stratton Shartel*, Attorney-General, and *Claud E. Curtis*, Assistant Attorney-General, for appellants.

*Forest P. Tralles* for respondents.

ATWOOD, J.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis holding unconstitutional and void an act of the General Assembly of Missouri, approved April 7, 1927, appearing in the Laws of Missouri of 1927 at page 100, and purporting to amend Article 21, Chapter 1, Revised Statutes 1919, entitled "Inheritance Tax," as amended by an act of the Fifty-first General Assembly, 1921, by providing for an additional tax. The proceeding was instituted by the executors under the will of Paul Brown, deceased, on authority of Section 583, Revised Statutes 1919, to quiet title to property thereby devised and bequeathed against the lien or claim of lien of said additional tax, and to determine that said property is not subject to any such tax lien. Ancillary to the grounds of unconstitutionality and invalidity alleged and sustained below in-

junctive relief was sought and obtained preventing the persons charged with the imposition and collection of said additional tax, who there appeared as defendants, from proceeding therewith. The same defendants, or their successors in office, now appear as appellants herein.

Plaintiffs went to trial on their amended petition which alleged that the deceased was survived by a widow, children and grandchildren, and various other persons related and unrelated, to whom he made numerous bequests, in addition to bequests made for charitable purposes; that the value of his estate "is in excess of twelve million dollars, and consists of real property in the State of Missouri and in other states, cash, securities of domestic and foreign corporations, and other tangible and intangible personal property in St. Louis, Missouri, and in other states;" that testator devised and bequeathed to his wife, Inez Hereford Brown, the same interest to which she was entitled under the laws of Missouri; that by Act of April 12, 1917, as subsequently amended, the State of Missouri imposed a transfer or inheritance tax on certain interests acquired by inheritance, and that said law as amended was at the time of the death of testator and now is in full force and effect; that by Act of the Congress of the United States of America, approved February 26, 1926, and entitled "An Act to reduce and equalize taxation, to provide revenue, and for other purposes," the Federal Government imposed an estate tax on the property of decedents, varying in percentage according to the net value of the estate; that under said Federal revenue act a credit is allowed against the Federal estate tax due to any amount lawfully assessed and paid to any state as an estate inheritance, legacy or succession tax, said credit and deduction, however, being limited to eighty per cent of the amount due the Federal Government under said Federal estate tax; that after said Federal estate tax of 1926 became effective the State of Missouri, by act of its General Assembly approved April 7, 1927, sought to impose an additional tax on the assets of Missouri estates equal to the difference between the inheritance or transfer taxes then exacted and eighty per cent of said Federal estate tax; and that defendants are about to impose and collect from plaintiffs taxes in excess of one million dollars under the provisions of said Act of April 7, 1927. The petition then alleged grounds of unconstitutionality and invalidity, imminent danger of irreparable injury, lack of adequate remedy at law, and prayed that the act be held unconstitutional and void, and that plaintiffs have injunctive relief.

Defendants answered admitting the allegations of the petition except those alleging unconstitutionality and invalidity of said Act of

April 7, 1927, which allegations were specifically denied, and the act was alleged to be constitutional and valid.

The act in question, omitting title and emergency clause, appears on pages 100, 101, Laws 1927, as follows:

"*Be it enacted by the General Assembly of the State of Missouri, as follows*:

"SECTION 1. AMENDING ARTICLE 21, CHAPTER 1, REVISED STATUTES, 1919, BY ADDING TWO NEW SECTIONS.—That article 21, chapter 1, of the Revised Statutes of Missouri, 1919, entitled 'Inheritance Tax' as amended by an act of the 51st General Assembly, 1921, found on pages 26, 27 and 28 of the Laws of Missouri, 1921, first extra session, entitled 'An Act to repeal sections 560 and 561, article 21, chapter 1, Revised Statutes of Missouri, 1919, and to enact in lieu thereof two new sections to be known as sections 560 and 561,' approved August 15, 1921, be and the same is hereby amended by adding two new sections thereto to be known as sections 560a and 560b, and to read as follows:

"SEC. 560a. ADDITIONAL TAX SHALL BE IMPOSED UPON VALUE OF NET ESTATE OF DECEDENT—WHEN.—In the event that the total of the inheritance taxes imposed upon the several interests and property comprising the estate of the deceased, by Revised Statutes of Missouri, 1919, section 560, less exemptions allowed by Revised Statutes of Missouri, 1919, section 561, as said sections are amended by an act of the 51st General Assembly, 1921, found on pages 26, 27 and 28 of the Laws of Missouri, 1921, first extra session, entitled 'An Act to repeal sections 560 and 561, article 21, chapter 1, Revised Statutes of Missouri, 1919, and to enact in lieu thereof two new sections, to be known as sections 560 and 561,' approved August 15, 1921, shall not equal eighty per centum of the amount of the tax imposed upon the value of the net estate of said decedent, under Title III of the act of Congress, approved February 26, 1926, entitled 'An act to reduce and equalize taxation, to provide revenue, and for other purposes,' and cited as the revenue act of 1926, whenever the Federal estate tax is determined an additional tax shall then be imposed upon the value of the net estate of said decedent as of the date of such determination equal to the difference between the total of the tax imposed under said section 560 as amended and eighty per centum of the tax imposed by Title III of said act of Congress.

"SEC. 560b. TAX IMPOSED SHALL BE PAID OUT OF ASSETS OF ESTATE.—The tax which may be imposed by virtue of section 560a shall be paid by the executor or the administrator out of the assets of the estate, bear the same rate of interest and be subject to the same penalties as the taxes imposed under the act of Congress hereinbefore mentioned, and the payment thereof may be enforced out of said

net estate as an entirety in the manner provided, with respect to the taxes imposed under said section 560.''

The alleged grounds of unconstitutionality and invalidity are ten. We shall now quote and consider them in the order pleaded.

''ONE: Said act attempts for the first time to levy an estate tax in Missouri not by independent enactment, but by seeking to amend an existing statute levying an entirely different kind of tax, to-wit: an inheritance tax, and such purpose is not sufficiently disclosed by the title.''

The constitutional question, if any is sought to be raised by this objection, has not been pointed out with the certainty enjoined in George v. Railroad, 249 Mo. 1. c. 199, but we assume the intended import to be that the act is violative of Section 28, Article IV, of the Missouri Constitution. This section provides that ''no bill . . . shall contain more than one subject, which shall be clearly expressed in its title.'' The title to the act in question is as follows:

''AN ACT to amend article 21, chapter 1 of the Revised Statutes of Missouri, 1919, entitled 'Inheritance Tax' as amended by an act of the 51st General Assembly, 1921, found on pages 26, 27 and 28 of the laws of Missouri, 1921, first extra session, entitled 'An act to repeal sections 560 and 561, article 21, chapter 1, Revised Statutes of Missouri, 1919, and to enact in lieu thereof two new sections to be known as sections 560 and 561,' approved August 15, 1921, by adding thereto two new sections to be known as sections 560a and 560b, providing for a minimum tax on the estate of decedents of eighty per cent of the amount of tax imposed under Title III of an act of Congress, approved February 26, 1926, entitled 'An act to reduce and equalize taxation, to provide revenue, and for other purposes,' and providing for the manner of payment, rate of interest, penalties and enforcement thereof with an emergency clause.''

The apparent purpose is to amend the then existing article entitled ''Inheritance Tax'' by providing in two new sections for a minimum tax on the estate of decedents of eighty per cent of the amount of tax imposed under a designated act of Congress, and it is clearly expressed in the above title. Assuming that the ''additional tax'' provided by the amendment is an estate tax as plaintiffs allege, nevertheless, it is like the tax already in effect; an excise, and each is an inheritance tax in the broadest sense of that term. This conclusion is justified by the following discussion of terminology found in 26 Ruling Case Law, pages 195, 196, Section 166:

''An inheritance tax, using the term in its broadest sense, is an excise which may be imposed on either, or both, of two entirely different subjects. It may be a tax upon the transmission of property by a deceased person, in which case it will be charged upon the

whole estate, regardless of the manner in which it is to be distributed. Such a tax is called a probate duty, or estate tax. An inheritance tax in its common form is however an excise on the privilege of taking property by will or by inheritance or by succession in any other form upon the death of the owner, and in such case is imposed upon each legacy or distributive share of the estate as it is received. Such a tax is called a legacy or succession tax. The inheritance taxes imposed by the states have almost uniformly been construed to have been imposed upon the right to receive rather than upon the right to transmit, and so constitute legacy or succession taxes, rather than probate duties or estate taxes. In some instances however the states have imposed estate taxes, either standing alone, or in addition to succession taxes. A tax imposed by a state upon the clear value of the estate passing from any person who may die seized or possessed thereof is, however, undoubtedly an estate tax, and what passes to the heir or devisee and to which he acquires title is his share of the estate remaining after the payment of the tax.''

In Stebbins v. Riley, 268 U. S. 137, 44 A. L. R. 1454, 1458, 1460, it is said: ''The subject-matter of an inheritance taxing statute may be either the transmission, or . . . the legal privilege of taking property by devise or descent. . . . We can perceive no reason why both may not be made the basis of classification in a single taxing statute,'' etc.

The Act of 1917 and subsequent amendments without exception, prior to the amendment of 1927, dealt only with an excise in the nature of a transfer tax upon the right to receive property. Surely a clearly related excise in the nature of a transfer tax on the right to transmit property, could be brought into the original act by amendment without laying the act open to the constitutional objection that it contained more than one subject. This constitutional provision is to be wisely and liberally interpreted and does not forbid the inclusion in one bill under one general title of subjects naturally and reasonably related to each other. [Burge v. Railroad, 244 Mo. 76.] The act would still contain but one general subject, namely, excises in the nature of inheritance or transfer taxes. The act is not violative of this constitutional provision.

''TWO: Said amending act is not pertinent and germane to the original act of which it is an amendment.''

This objection is without merit. From what has already been said it is apparent that both the amending act and the original act are pertinent and germane to the subject of regulating the transfer of property by the imposition of excises, and they are, therefore, pertinent and germane to each other.

"THREE: Said act seeks to enact into the laws of Missouri by amendment of another statute certain parts of the Act of Congress of the United States approved February 26, 1926, merely by reference to said Federal statute and not by specific adoption into the Missouri law, in violation of section thirty-four of the Constitution of the State of Missouri."

Although no article is mentioned it may be assumed that the constitutional provision above referred to is Section 34, Article IV, which is as follows:

"No act shall be amended by providing that designated words thereof be stricken out, or that designated words be inserted, or that designated words be stricken out and others inserted in lieu thereof; but the words to be stricken out, or the words to be inserted, or the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended."

As we read the above section it has nothing to do with the enactment of one existing statute or part thereof into another except as such is sought to be done by the striking out or insertion of designated words, in which case, of course, the provisions of this section must be followed. No such thing is undertaken by the act in question. In fact, there seems to have been no intention to enact the act of Congress into the Missouri law. In stating the amount of the minimum tax to be imposed reference is made to the act of Congress by way of identifying the law under which the total Federal estate tax is imposed. There is no suggestion that this part of the Federal law be made a part of our State law, and in a given case the total amount of the Federal estate tax, eighty per cent of which is to be imposed as state taxes, can only be ascertained from an examination of the proper Federal return made or to be made. The above constitutional provision seems to be without application to the objection made. [36 Cyc. 970.]

"FOUR: The time when said tax shall be considered levied and effective is vague and uncertain, and machinery for the imposition of the tax, of interest and of penalties, are insufficiently set out."

The clause, "whenever the Federal estate tax is determined," appearing in Section 560a, definitely fixes the time when the additional tax shall be imposed. The same section further specifically provides that the "additional tax shall then be imposed upon the value of the net estate of said decedent as of the date of such determination;" and Sec. 560b provides that the tax so imposed shall "bear the same rate of interest and be subject to the same penalties as the taxes imposed under the act of Congress hereinbefore men-

tioned.'' These provisions are certain and sufficient, and the foregoing objection is likewise overruled.

''FIVE: The title to said act is misleading in that it does not apprise the reader that a new species of tax is being undertaken in Missouri, but indicates that it deals merely with a form of taxation already in force, to-wit, an inheritance tax.''

As already stated, the additional tax provided falls within the general subject of inheritance tax when used in its broadest sense, but the language of the title does not necessarily indicate a tax of exactly the same kind and character. On the contrary, the title is broad enough to include, if it does not in fact suggest, an estate tax. As the Supreme Court of Pennsylvania recently said when ruling a similar question, In re Knowles' Est., 145 Atl. 797, 799: ''The title to the act is sufficient to put any one, having an interest in the subject-matter, on inquiry.'' We do not think it is misleading.

''SIX: Said statute attempts to levy a tax on the interest of a widow allowed by law in the estate of her deceased husband.''

We do not think so. The amending act and the law it amends must be read together. From such a reading it appears that the imposition of a tax under the original act should precede the imposition of the ''additional tax,'' that the total amount of this tax should be applied as a credit upon the amount represented by eighty per cent of the Federal estate tax, and that the remainder would be the total amount of the ''additional tax'' to be imposed. In computing the first tax the widow is allowed her exemptions under the state law. If the ''additional tax'' be regarded as of the same kind and character it seems obvious that the widow should not be allowed exemptions again. If, on the other hand, it be regarded as an estate tax, and we think it must be, it comes out of the estate, is not deducted from the widow's share, and hence, is not levied upon her interest or right to receive. In either event the amendment is not open to the objection raised.

''SEVEN: The effect of said act is to tax insurance, in violation of the law of Missouri, in that it seeks to adopt portions of the Federal statute under which insurance over a certain amount is taxed.''

What we have said in answer to objection number six applies in principle to this objection, and it is overruled.

"EIGH.T: Said statute undertakes to tax property without the State of Missouri."

Under this head respondents attack the measure provided for ascertaining the *quantum* of this additional tax, citing Frick v. Pennsylvania, 268 U. S. 473, 494, wherein an effort to tax the transfer of personal property having a *situs* of its own outside the state of the testator's domicile, although in part defended on the ground that its value was used merely as a measure *pro tanto* of the tax on the transfer of property within such state, was held violative of the due process clause of the Fourteenth Amendment of the Federal Constitution.

In Am. L. Inst. Restatement, Conflict of Laws (Tent.), sec. 67, it is said: "A state may extend its law over all persons and things subject to its jurisdiction."

In the instant case it appears that testator died a resident of this State, respondents are residents of this State, and most of the estate property is located in this State. If, under controlling decisions, the transfer of any part of the estate cannot be regulated or taxed because beyond the territorial jurisdiction of this State (Frick v. Pennsylvania, 268 U. S. 473, 492; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194; In re Zook's Est., 317 Mo. 986, 995), an attempt to do so under this or any other statute would be void, but the law itself, merely because of such attempted unconstitutional use, would not necessarily be held unconstitutional. Speaking directly to the ruling first above cited in the Frick case, we think it is without application here. Taxes of the general nature of those provided by this amendment as well as the original act are excises and not property taxes. [In re opinion of Justices (Sup. Ct. of Maine), 137 Atl. 50; Blodgett v. Silberman, 277 U. S. 1, 8; New York Trust Co. v. Eisner, 256 U. S. 345, 349; Knowlton v. Moore, 178 U. S. 41, 47; State ex rel. McClintock v. Guinotte, 275 Mo. 298, 320; Maguire v. University, 271 Mo. 359, 363.] They constitute a regulation of or tax upon the privilege of transmitting or receiving property. The act in question clearly does not contemplate the taxation of any property of this estate or of any transfer thereof not within the jurisdiction of this State. Hence, the measure adopted for determining the amount of the tax to be levied upon the transfer within the State's jurisdiction can hardly be said to be doing indirectly what cannot be directly done under the Constitution. If the State has power to regulate or tax the privilege either of transmitting or receiving property within its territorial jurisdiction in any manner or amount it pleases, how can it be said that any measure the State chooses to adopt short of complete confiscation is a violation of the due-process clause of the Federal Con-

stitution? [Mager v. Grima, 8 How. 490, 494.] Is it not purely a matter of state concern, especially where, as in this State, such statutes are construed to be a regulation of the privilege of transmitting or receiving property and not an exercise of the taxing power at all?

As said by Mr. Justice FIELD in Home Ins. Co. v. New York, 134 U. S. 594, 600 (quoted with approval in Plummer v. Coler, 178 U. S. 115): "No constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privilege it bestows."

The foregoing objection is overruled.

"NINE: Said statute violates the Constitution of the United States and particularly the provisions prohibiting any State from  passing a law impairing the obligation of contracts, the provision forbidding any State from depriving any person of life, liberty or property without due process of law, the provision forbidding any State to deny any person within its jurisdiction the equal protection of the laws, and that it violates the uniformity requirements of the Constitution of the United States."

These constitutional objections are not alleged with the proper degree of particularity, but we infer that they are directed at assumed violations, respectively, of the third provision of the last clause in the first paragraph of Section 10, Article I, of the Federal Constitution forbidding the passage of any "law impairing the obligation of contracts;" of the latter provision of the third clause of the Fifth amendment to said Constitution providing that no person shall be "deprived of . . . property without due process of law;" of the provision in the last sentence of Section 1 of the Fourteenth amendment to said Constitution that no state shall "deprive any person of . . . property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws;" and of the last provision of the first paragraph of Section 8, Article I, of said Constitution to the effect that "all duties, imposts and excises shall be uniform throughout the United States."

As heretofore indicated, the "additional tax" provided by this amendment is in the nature of an estate tax, or tax on the right to transmit property. States have the inherent power to pass such laws. [Hagood v. Doughton, 195 N. C. 811, 821.] In Gleason & Otis on Inheritance Taxation (4 Ed.) page 256, it is said: "Clearly if the Legislature has power to tax the privilege of transmitting it must also have the power to tax the privilege of receiving, and vice versa." Such laws are sustained on the ground that they are an exercise of the State's regulatory power over the transfer of property, and they have also been held constitutional though regarded as an exer-

cise of the taxing power. [Stebbins v. Riley, 268 U. S. 137, 44 A. L. R. 1454, 1458, and cases cited.] Similar contentions were made in State ex rel. McClintock v. Guinotte, 275 Mo. 298, 315, and one of the grounds upon which we upheld the constitutionality of our inheritance tax of 1917, which is a tax upon or a regulation of the privilege of receiving property, was that it "is not referable to the taxing power at all, but is referable to the power of the State to say what becomes of the property of a person, when death forecloses his right to control it." The tax here in question is a tax upon·or a regulation of the privilege of transmitting property, and on the same ground it should be held not violative of the above mentioned constitutional provisions. Even if the imposition of such a tax should also be regarded as an exercise of the taxing power, we would still be unable to say that it violates any of these provisions. We cannot think of any respect in which it impairs "the obligation of contracts," and none has been suggested. The imposition of similar taxes has been held not violative of the due-process, equal-protection and uniformity clauses of both federal and state constitutions. [Magoun v. Ill. Trust & Savings Bank, 170 U. S. 283; Knowlton v. Moore, 178 U. S. 41; Billings v. Illinois, 188 U. S. 97; Stebbins v. Riley, 268 U. S. 137; State v. Henderson, 160 Mo. 190; State ex rel. McClintock v. Guinotte, 275 Mo. 298.]

"TEN: That said statute violates the due process provision of the Constitution of the State of Missouri, and is in violation of Section Three, Article 10, of the Constitution of Missouri, which requires that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and all taxes shall be levied and collected by general laws."

Our decision in State ex rel. McClintock v. Guinotte, 275 Mo. 298, upholds the Act of 1917 with respect to the same constitutional provisions here invoked, whether it be regarded solely as an exercise of the regulatory power of the State or whether it also be looked upon as an exercise of the taxing power. For the reasons therein appearing we hold that this amendment does not violate the constitutional provisions above mentioned.

On the questions presented by this appeal we hold the act constitutional and valid. The judgment of the circuit court is reversed. All concur.