IN RE ESTATE OF WILLIAM V. ROSING, MISSISSIPPI VALLEY TRUST COMPANY, Executor, v. STATE OF MISSOURI, Appellant.—85 S. W. (2d) 495.

Court en Banc, July 30, 1935.

*Roy McKittrick*, Attorney General, *John W. Hoffman, Jr.*, and *Edward H. Miller*, Assistant Attorneys General, for appellant.

*C. Powell Fordyce* for respondent; *Fordyce, White, Mayne & Williams* of counsel.

546

TIPTON, J.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis, Missouri, wherein that court sustained an exception of the executor of the estate of William H. V. Rosing. The ground for the exception was that the inheritance tax appraiser of that estate had not allowed as a deduction from the decedent's gross estate, the sum of nine thousand eight hundred dollars ($9,800), which the executor had paid to the collector of internal revenue in St. Louis as the Federal estate tax.

Upon the record before us both sides agree that the only question for our determination is: In the computation of the Missouri inheritance tax as imposed by the laws of Missouri, should the amount paid to the collector of internal revenue as and for the estate tax prescribed by the laws of the United States, be deducted from the gross estate of the decedent?

"An inheritance tax, using the term in its broadest sense, is an excise which may be imposed on either, or both, of two entirely different subjects. It may be a tax upon the transmission of property by a deceased person, in which case it will be charged upon the whole estate, regardless of the manner in which it is to be distributed. Such a tax is called a probate duty or estate tax. An inheritance tax in its common form is however an excise on the privilege of taking property by will or by inheritance or by succession in any other form upon the death of the owner, and in such case is imposed upon each legacy or distributive share of the estate as it is received. Such a tax is called a legacy or succession tax." [26 R. C. L., sec. 166, p. 195.]

Briefly stated, one is a tax on the right to transfer property by will or descent, and the other is a tax on the legal right to take property by devise or descent. It is not a tax on the property.

We will not undertake to give a history of estate or inheritance tax laws, except to state that they are of ancient origin. The following cases give a history of their origin and development to the present time: Knowlton v. Moore, 178 U. S. 41, 44 L. Ed. 969, 20

Sup. Ct. 747; State ex rel. McClintock v. Guinotte, 275 Mo. 298, 204 S. W. 806; In re Inman's Estate (Ore.), 199 Pac. 615.

Our inheritance tax laws do not expressly provide whether or not the Federal tax shall be deductible.

It is the contention of the State that our inheritance tax is a tax on the transmission or the exercise of the legal power of transmission of property by will or descent.

In the recent case of Bryant v. Green, 328 Mo. 1226, l. c. 1230, 44 S. W. (2d) 7, l. c. 8, we said:

"Under the State statute, the tax is levied on the right to receive property upon death. [Brown v. State, 323 Mo. 138, 19 S. W. (2d) 12, l. c. 16.] This tax is assessed against each beneficiary as per applicable rate on the value of the property received from the gross estate, after deducting, among other things, the Federal estate tax. The administrator, executor or trustee is charged with the duty of deducting the State tax from money transferred to a beneficiary. If the property transferred is not money, he is charged with the duty of collecting the tax from the legatee, grantee, donee, devisee or person entitled to such property. [Laws 1917, p. 118, secs. 6, 7; Secs. 578, 597, R. S. 1929.]"

Also, in the case of Brown v. State, 323 Mo. 138, l. c. 144, 19 S. W. (2d) 12, l. c. 16, we said:

"The Act of 1917 and subsequent amendments without exception, prior to the amendment of 1927, dealt only with an excise in the nature of transfer tax upon the right to receive property."

So insistent is the State that the above-quoted statements in the Bryant and Brown cases, supra, are *obiter*, that we have decided to examine this question anew.

It is admitted that the Federal estate tax is a tax on the right to transfer property after death. The weight of authority is that the State inheritance tax is upon the right to receive property by descent or will and that the Federal tax is held to be deductible. [People v. Pasfield, Jr., Exr., 284 Ill. 450, 120 N. E. 286; State ex rel. Smith v. Probate Court, 139 Minn. 210, 166 N. W. 125; In re Estate of Roebling, 89 N. J. Eq. 163, 104 Atl. 295; In re Inman's Estate, 101 Ore. 182, 199 Pac. 615, 16 A. L. R. 675; State v. First Calumet Trust & Sav. Bank, 71 Ind. App. 467, 125 N. E. 200; Old Colony Trust Co. v. Treasurer and Receiver General, 238 Mass. 544, 131 N. W. 321, 16 A. L. R. 689; In re Estate of Miller, 184 Cal. 674, 195 Pac. 413, 16 A. L. R. 694; Corbin, Tax. Comr. v. Townshend, Admr., 92 Conn. 501, 103 Atl. 647; People v. Bemis, 68 Colo. 48, 189 Pac. 32; and Tax Comm. ex rel. Price v. Lamprecht, 140 N. E. 333.]

On the other hand, the Federal tax has been held not to be deductible in the following cases, and in most of them that the tax was on the right to transmit property upon death of the decedent. [Mat-

ter of Estate of Sherman, 222 N. Y. 540, 118 N. E. 1078; In re Sanford's Estate, 188 Iowa, 833, 175 N. W. 506; Estate of Week, 169 Wis. 316, 172 N. W. 732; Hazard et al., Exrs., v. Bliss et al., Bd. of Tax Comrs., 43 R. I. 431, 113 Atl. 469, 23 A. L. R. 826; and In re Fish's Estate, 219 Mich. 369, 189 N. W. 177.]

Very respectable authorities could be found in favor of either view of this question, but in view of the wide differences of opinion between courts of last resort it is evident that this question cannot be determined by mere reference to the authorities of other states.

The construction placed upon a statute by courts of the State from which it is adopted is by all the rules of construction regarded as persuasive, but not controlling, and is subject to certain well-defined limitations. That rule can be of little aid in the present controversy, because there is an undoubted similarity between the statutes of many states, and the interpretations put upon those statutes by the courts of those states evidence an entire lack of harmony. If any effect is to be given to the authority of cases decided by the courts of other states it must be admitted that the weight of authority is in favor of the deduction of the Federal tax. We are of opinion, however, that this problem can be better solved and the true legislative intent more correctly determined without attempting to reconcile the conflicting decisions of other states and by confining the discussion to the consideration of the different provisions of the Missouri statute itself.

The Missouri Inheritance Law was passed in 1917, and Section I of that act, now Section 570, Revised Statutes 1929, as amended by the 1931 Legislature, is as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or any interest therein or income therefrom, in trust or otherwise, to persons, institutions, associations, or corporation, not hereinafter exempted, in the following cases: When the transfer is by will or by the intestate laws of this State from any person dying possessed of the property while a resident of the State. When the transfer is by will, or intestate law of property within the State or within the jurisdiction of the State and decedent was a nonresident of the State at the time of his death. When the transfer is made by a resident or by a nonresident when such nonresident's property is within this State, or within its jurisdiction, by deed, grant, bargain, sale or gift made in contemplation of the death of grantor, vendor or donor, or intending to take effect in possession or enjoyment at or after such death. Every transfer by deed, grant, bargain, sale or gift made within two years prior to the death of grantor, vendor or donor, of a material part of his estate or in the nature of a final disposition or distribution thereof without an adequate valuable consideration shall be construed to

have been made in contemplation of death within the meaning of this section. *When the transfer is made by a resident or by a non-resident when such nonresident's property is within this State or within its jurisdiction, in trust or otherwise and the transferor has retained for his life or any period not ending before his death, (1) the possession or enjoyment of or the income from the property, or (2) the right to designate the persons who shall possess or enjoy the property or income therefrom, except in case of a bona fide sale for an adequate and full consideration in money or money's worth.* Such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property, interest therein or income therefrom, whether the transfer thereof is made before or after the passage of this law: *Provided,* that property which is actually vested in such persons or corporations before this law takes effect shall not be subject to the tax.''

That part of this section in italics was the Amendment of 1931. No doubt the amendment was made because of the decision of the Supreme Court of the United States in the case of Commissioner v. Northern Trust Co., 283 U. S. 782, which was decided March 2, 1931. That case held a transfer in trust with a reservation of income for life was not subject to the then existing Federal estate tax.

Kidder, in his work, "State Inheritance Tax and Taxability of Trust," says: "On the very day after the rendition of these *per curiam* opinions, to-wit: Tuesday, March 3, 1931, being the last day of Congress, a Joint Resolution was hurriedly passed and was approved by the President on the same day." This resolution amended the Federal estate tax so as to make it apply to trust where the income was reserved for life.

The Legislature of Missouri, after the decision of the Northern Trust Co., case, amended Section 570, and on May 1, 1931, was approved by the Governor.

We note this amendment for reasons of what we said in the case of In re Kinsella's Estate, 293 Mo. 545, 239 S. W. 818, in regard to the last sentence in Section 570, supra. This sentence was not changed by the amendment. In that case we said:

"Appellants say that Section 1 of the act provides that:

" 'Such tax shall be imposed when any person, association, institution or corporation actually comes into possession and enjoyment of the property.'

"This they say precludes the assessment made in this case. There are several answers to this contention. If this clause has reference to a case of this character, then it conflicts with Section 25 of the act, which we have quoted, supra, and Section 25, being the later

expression of the legislative mind would control. Section 25 covers this case, wherein it is said:

"'When the property is *transferred in trust*, or otherwise, and the rights, interest or estates of the transferees are wholly dependable upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be *due and payable forthwith* by the executor, administrator, or *trustee* out of the property transferred.'

"In that this tax is required to be paid 'forthwith' it clearly conflicts with the portion of Section 1, upon which appellants rely, if that portion refers to the same subject matter, which we doubt, and as we shall discuss. If it conflicts, Section 25 must be upheld as the later expression of the Legislature. [Black on Interpretation of Laws (2 Ed.), p. 326.]

"Under well-established rules of construction we should harmonize the several sections, if such a construction can be given. Going to Section 1 of the Act of 1917 (Laws 1917, p. 115), it will be noticed that the first clause imposes generally a tax upon the transfers of property, including transfers of property 'in trust.' This clause is followed by three specifications: (1) when the transfer is by will or by the intestate laws, by a resident of the State; (2) when the property is within the State, although the grantor is out of the State, and makes the transfer by will or the intestate laws of the State; or (3) when the transfer is made by a resident or nonresident of the State, of property in the State, by *grant, bargain, sale or gift* made in contemplation of death, to take effect after death, and wherein the transaction was had within two years prior to death. It is after this last subdivision that the words relied upon by appellants occur. They do not quote all of the words. In full the language is:

"'Such tax shall be imposed when any person, association, institution, or corporation actually comes into the possession and enjoyment of the property, interest therein or income therefrom, whether the transfer thereof is made before or after the passage of this act; provided, that property which is actually vested in such persons or corporations before this act takes effect shall not be subject to the tax.'

"The last thing the Legislature had in mind before the use of this language was property transferred 'by deed, grant, sale or gift' within two years prior to death. The proviso strongly tends to show that the whole of this clause was used with reference to property conveyed or transferred in that manner and had no reference to transfers by will, as mentioned in the first part of the sec-

tion. With this construction the two sections fit in and harmonize, because Section 25 but amplifies and adds to that portion of Section 1, which refers to transfers by will or the intestate laws. But, as said: "If Section 25 does conflict with Section 1, Section 25 should prevail. In Black on Interpretation of Laws, supra, it is said:

" 'So, also, it is a general rule that where different parts or sections of the same statute are found to be in irreconcilable conflict, the latest in order of position or arrangement will prevail.'

"If both of these sections refer to the same subject there is irreconcilable conflict, and Section 25 must prevail. So that if the two sections can be construed so that both may stand, or if Section 25 supersedes Section 1, as to the taxation of transfers as is here involved, the assessment is proper in this case, under the statute.' "

Since the opinion in that case, we have added the Amendment of 1931, which is the fourth type of transfer of property that may be taxed; it is the transfer of property in trust with a reservation of income for life, or "the right to designate the persons who shall possess or enjoy the property or income therefrom." This amendment immediately precedes the last sentence of this section, and the right to tax when the transfer is made in contemplation of death, is no longer immediately followed by the last sentence in this section. If the logic in Judge GRAVES' opinion in the Kinsella case is correct then the last sentence of this section does not now apply to the transfer of property in contemplation of death, but only applies to the transfer of property where the income is reserved for life. What Judge GRAVES said in regard to the last sentence of Section 570, supra, applying only to the transfer of property given in contemplation of death was not necessary to a decision of that case, nor do we think it correct when we examine the grammatical construction of this section.

The first part of this section is as follows: "A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or any interest therein or income therefrom, in trust or otherwise, to persons, institutions, associations, or corporations, not hereinafter exempted, in the following cases: . . ." It is to be noted that after the word "cases" is a colon, and not a period. Then follows the three classes of transfers that are taxed, and the fourth by the Amendment of 1931. The last sentence is as follows:

"Such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property, interest therein, or income therefrom, whether the transfer thereof is made before or after the passage of this law: *Provided*, that property which is actually vested in such persons or corporations before this law takes effect shall not be subject to the tax."

It is to be noted that the above quotation begins with a new sentence. If it had been intended to apply only to property given in contemplation of death as Judge GRAVES intimated, then the word "Such" would not have begun with a capital, nor would it have been preceded by a period, but it would have been preceded by a semicolon.

To our mind it is clear that the last sentence of this section applies to all four kinds of transfers that are mentioned in this section. This sentence says: "Such tax shall be imposed when any person . . . actually comes into possession and enjoyment of the property. . . ." It follows, therefore, that our State inheritance tax is a tax on the right to receive property and not a tax on the right to transfer property after death.

Our views that this is a tax upon the right to receive is consistent with the subsequent sections of our Inheritance Tax Laws. In Section 571, of this act we find:

"The tax so imposed shall be determined by the clear market value of such property at the rate hereinafter prescribed and only upon the excess over the exemptions hereinafter made."

Section 572, prescribes the rate of the tax and it is to be noted that the rate varies in accordance with the degree of kinship the beneficiary bore to the deceased. So the rate of tax might vary in many instances in the same estate, depending upon the relationship of the beneficiaries.

In Section 578, we find:

"Any administrator, executor or trustee having in charge or in trust any legacies, or property for distribution subject to the tax imposed by this article, shall deduct the tax therefrom if the transfer be in money, and *if not he shall collect the tax thereon from the legatee, grantee, donee, devisee, or person entitled to such property,* and he shall not deliver or be compelled to deliver any specific legacy or property subject to this tax to any person until he shall have collected the tax thereon; and whenever any such legacy or interest shall be charged upon or payable out of real estate, the heir or devisee before paying the same shall take said tax therefrom and pay the same to the executor, administrator or trustee and the same shall remain a charge on such real estate until paid and the payment thereof shall be enforced by the executor, administrator or trustee in the same manner that the said payment of said legacy may be enforced."

Section 581 is as follows:

"If a testator devises or bequeaths property to one or more executors or trustees in lieu of their commission or allowances, or makes them his devisees or legatees to an amount exceeding the commission or allowance prescribed by law for an executor or trustee,

the excess in value of the property so bequeathed above the amount of commission or allowances prescribed by law in similar cases shall be subject to the tax imposed by this article.''

Taking the act as a whole there is no doubt but what our inheritance tax is a tax upon the right of heir or legatee to receive the property.

The State contends that, ''Even though the Missouri inheritance tax be considered as a tax upon the legal privilege of taking property by devise or descent, the Federal estate tax should not be deducted in computing the Missouri inheritance tax.''

Most of the cases relied upon by the State to support this contention have been analyzed and criticized by the Kentucky Court of Appeals in the case of Bingham's Admrs. v. Commonwealth, 244 S. W. 781, 786. That court in speaking of the authorities that support the minority view said: ''Examining the authorities cited above which support the minority view, we find that no two of them are based upon the same reasoning, and that they do not therefore sustain any particular reason for a denial of the deduction in which alone they agree.''

The State also contends that this view is sustained by Section 578 of this act. The pertinent parts of that section are as follows:

''All taxes imposed by this article, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and interest at the rate of six per cent per annum shall be charged and collected thereon for such time as said taxes are not paid, unless the payment of interest is abated or time of payment extended by order of the probate court, because without negligence final assessment of tax cannot be made: *provided*, that if said taxes are paid within nine months from the accrual thereof, or within the period of said extension for the payment thereof interest shall not be charged or collected thereon, and in all cases where the executor, administrator, or trustee does not pay such tax within one year from the death of the decedent they shall be required to give bond in the form and to the effect prescribed in Section 577 of this article for the payment of said tax, together with interest at the rate of one per cent per month, unless abated or extended as aforesaid.''

''All sections of an act must be construed together and harmonize if possible. It is true this section does say that ''all taxes shall be due and payable at the death of the decedent.''

We think this means payable in due course after death. It would be impossible to pay such a tax at the death of the decedent. That was not the intention of the Legislature, as shown by subsequent clauses of that section which provide that when the tax can be payable without interest at a much later date. This section means that the value of the decedent's estate shall be valued as of the date of death.

As above stated, Section 570, supra, provides that: "Such tax shall be imposed when any person . . . *actually comes into possession* and enjoyment of the property." Certainly this means that only the net amount that each beneficiary actually receives shall be taxed. As the heir or legatee receives no part of the sum of money paid as the Federal estate tax, it follows that it should be deducted in the computation of the Missouri inheritance tax.

The judgment of the circuit court is, therefore, affirmed. All concur.