In the Matter of the Appraisal under the Estate Tax Law of the Estate of ANSON WALES HARD, Deceased.

KATHERINE POTTER HARD and Others, as Executors, etc., of ANSON WALES HARD, Deceased, Appellants; STATE TAX COMMISSION, Respondent.

Second Department, January 20, 1941.

*John F. Woods* [*Harter F. Wright* with him on the brief], for the appellants.

*Mortimer M. Kassell* [*Lester H. Marks* with him on the brief], for the respondent.

*James G. Dale*, for the executors of the will of Eleanore W. Vietor, deceased, as *amicus curiæ*.

CLOSE, J.   Anson Wales Hard died a resident of Suffolk county on November 28, 1935, leaving a will which was duly admitted to probate on December 16, 1935.   Thereafter an estate tax appraiser was appointed.   He reported a gross estate of $1,895,-682.58 as of the date of decedent's death, allowable deductions of $179,523.89, with a resulting net estate of $1,716,158.69, subject to exemptions of $30,000.   Based on this report an order was made fixing the tax at $99,654.28.   On appeal the surrogate modified the original order in certain respects, but rejected the claim of the executors on the question presented by the present appeal. During administration there had been a net increase in the value of the personal estate of $93,562.62 above the appraised value. On that increment the executors had received commissions of $5,613.76.   It was claimed that the latter amount was an expense of administration and, therefore, a deductible item in computing the tax.   The surrogate held otherwise.

Section 249-n of the Tax Law provides for an estate tax to be computed on the value of the net estate.   Section 249-s (added by Laws of 1930, chap. 710) specifies the manner in which the net taxable estate shall be determined.   So far as applicable here, it reads: " For the purpose of the tax the value of the net estate shall be determined by deducting from the value of the gross estate: 1. Such amounts   *   *   *   (b) for administration expenses   *   *   * as are allowed by the laws of this State,   *   *   *.   Deductions on account of commissions or allowances to executors shall not exceed the amount of such commissions or allowances as prescribed by law."

Subdivision 5 of section 285 of the Surrogate's Court Act provides that commissions shall be computed on " the value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof,   *   *   *.''   It

is the contention of the appellants that the commission paid on the increment as specified in the section just quoted is an " administration expense " as that term is used in section 249-s of the Tax Law and is, therefore, a deductible item. The respondent insists that the commission is no part of the expense of administration, since it is based upon property not in existence at the death of the decedent.

The same question had been considered, under the statutes in force prior to the revision of the Tax Law by chapter 710 of the Laws of 1930, in *Matter of Woolworth* (235 App. Div. 160; affd., 260 N. Y. 637). There it was held, with apparent finality, that commissions were to be computed for tax purposes on the appraised value of the estate, without regard to subsequent changes in value.

But the enactment of article 10-C of the Tax Law in 1930 radically altered the underlying theory of the State tax on the property of decedents. An estate tax was substituted for a transfer tax. (*Matter of Cregan*, 275 N. Y. 337.) Instead of taxing the receipt of the property by the beneficiaries, the State now imposes a tax upon the transmission of the estate by the deceased. (*Matter of Hooker*, 173 Misc. 515.) As a result, the tax imposed by the State is of the same character as that charged upon decedent estates by the Federal government. Section 249-s of the Tax Law, which specifies the deductions to be made from the gross estate, and which had no counterpart in the earlier statute, is practically identical with the corresponding section of the Federal Estate Tax Law adopted in 1926 (now U. S. Code, tit. 26, § 812; Internal Revenue Code). The decisions of Federal courts in construing the similar Federal statute should be given due consideration in judicial interpretation of the State law. (*Matter of Weiden*, 263 N. Y. 107; *Matter of Cregan, supra.*) In *Lewis* v. *Bowers* (19 F. Supp. 745) the District Court for the Southern District of New York held that under the Federal law commissions paid upon increment are properly deductible in computing the tax. A similar conclusion was reached by the Circuit Court of Appeals, Eighth Circuit, in *Scott* v. *Commissioner of Internal Revenue* (69 F. [2d] 444).

Nevertheless, and notwithstanding the desirability of harmony between the State and Federal decisions, we are persuaded that the reasoning in the *Woolworth* case (*supra*) is equally as sound under the new law as under the old. The increment is not a part of the property transmitted by the deceased. Consequently the increment is not taxable, and neither are the commissions paid upon the increment deductible. Thus the court reasoned in the *Woolworth* decision, and in our opinion no other conclusion

can logically be reached. We see no reason to believe that the Legislature intended, by the enactment of section 249-s, to overcome the result arrived at in the *Woolworth* case. The provision that " Deductions on account of commissions or allowances to executors shall not exceed the amount of such commissions or allowances as prescribed by law " discloses no such intention. The apparent purpose of that enactment was to limit the rate of commissions, to be deducted for tax purposes, to those provided for by section 285 of the Surrogate's Court Act. Otherwise a testator might in his will make a lump sum allowance to his executors far in excess of the amount allowed by statute, and if such allowance could be upheld as an expense of administration the intention of the Tax Law would be frustrated.

The result of our conclusion will be that the amount of the tax becomes fixed and certain at the date of death, or at least all the factors necessary to determine the net estate will be in existence. True, some of them may have to be estimated, but such estimation can be made within a reasonable time. If increment were to be taken into consideration, purely speculative situations would arise, and it is easy to visualize a set of circumstances in which the final fixation of the tax might be delayed for an indefinite time. Assuming that there would be no delay, confusion would result, caused by successive tax proceedings in many estates.

The order, in so far as appealed from, should be affirmed, with costs to the respondent, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, TAYLOR and CLOSE, JJ.

Order of the Surrogate's Court of Suffolk County, in so far as appealed from, unanimously affirmed, with costs to respondent, payable out of the estate.