In re ESTATE of Beatrice STEVENSON, Deceased, Respondent,

v.

Thomas A. DAVID, Director of Revenue, Appellant.

No. 54259.

Supreme Court of Missouri, Division No. 2.

Nov. 10, 1969.

Rehearing Denied Dec. 8, 1969.

Norman Begeman, St. Louis, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellant.

HENRY I. EAGER, Special Commissioner.

This proceeding involves one phase of the method used in computing the Missouri Inheritance Tax. There is really only one issue, and the facts are not in controversy. We have jurisdiction because a state officer is a party and a construction of the revenue laws is required, although the amount actually involved is $1451.17.

Beatrice L. Stevenson, a resident of the City of St. Louis, died on November 8, 1963. Her gross estate, consisting chiefly of stocks and bonds, had a gross value of $736,635.85 at the time of her death. Executors were duly appointed; an inheritance tax appraiser was also appointed. The latter filed his report on May 11, 1967, fixing all valuations as of the date of the death, and allowing deductions for debts, taxes and expenses of administration. The tax was reported as $42,364.87.

Among the deductions were listed executors' commissions in the amount of $36,-831.79 and attorney's fees of $19,965.90. Those deductions were computed upon the percentages prescribed in § 473.153, RSMo 1959, V.A.M.S.,[1] and were based upon the valuation of the property at death. In the meantime the value of the estate had increased substantially and, when computed to include all distributions, the payment of approved claims and allowances, and cash and securities on hand it totaled $879,879.24; such was the finding of the circuit court.

We pause here to state the principal contentions of the parties, for the sake of clarity. The representatives of the estate claim that the deductions for commissions and attorney's fees should have been computed on the proper percentages of $879,879.24 because such was the value of the personal property administered. See § 473.153. That computation would presumably have fixed the commissions at $44,267.00 and the attorney's fees at $23,683.50. See § 473.153(2), (3). Such amounts were allowed by the Probate Court. If deductions had been made in those amounts the net inheritance tax would have been $1451.17 less. The state has insisted all along that all inheritance tax computations must be based upon the valuation of the property *at death*, under Chap. 145, and that this was done here.

The Probate Court approved the appraiser's report and assessed the tax at $42,-364.87. The executors filed exceptions, alleging the facts and their theory in detail. The exceptions were overruled and the executors appealed. The cause was duly heard in the Circuit Court of the City of St. Louis, and on July 10, 1968 that court filed its findings of fact and conclusions of law. We need not recite the findings, for the uncontroverted facts have already been stated. The court concluded that the larger amounts (as commissions and fees) had been properly allowed and that *those amounts* should have

---

1. All statutory citations will refer to that revision.

been deducted "in their entirety" from the valuation of the estate in fixing the inheritance tax. On September 16, 1968 the court entered its judgment sustaining the exceptions, and reversing the order of the Probate Court assessing the tax; it was further ordered that the full allowance of commissions and attorney's fees (computed upon all the property administered, i. e., the increased valuation) be deducted in the assessment of the inheritance tax. After an unsuccessful motion for rehearing, the Director of Revenue appealed.

The net result of the judgment appealed from is that the gross estate is valued as of the date of death for inheritance tax purposes, but that the deductions for commissions and fees are to be computed upon the increased value of the estate as found several years later. The difficulty arises, in part at least, from a seeming lack of coordination between our inheritance tax statutes and our probate statutes.

By § 145.020 the inheritance tax is imposed upon the "transfer" of property; in Priedeman v. Jamison, 356 Mo. 627, 202 S.W.2d 900 it is said that the tax is one on the privilege of receiving or taking property rather than on the transfer or transmission of property at death (l. c. 903). And see In re Gartside's Estate, 357 Mo. 181, 207 S.W.2d 273. The respective rates of tax are fixed by § 145.-060; and in each instance it is based upon "the clear market value of such property * * *." The tax is payable by the executor, § 145.080; it is "due and payable at the death of the decedent" and interest shall be charged, but the time of payment may be extended by the Probate Court, § 145.110. The statutes do not contain any specific provisions for deductions from the gross estate in the computation of the tax, but the parties here agree and we all know that, generally speaking, the expenses of administration are a proper deduction. The question here is,—what expenses?

Section 473.153 of our Probate Code provides that the commissions of executors shall be computed at designated percentages of "the value of the personal property *administered* and of the proceeds of all real property sold * * *." The fees of the attorneys for the estate are to be computed upon the same basis. § 473.153(3). There is no question here concerning the percentages, and indeed no question that the greater amounts for which deductions are claimed were properly allowed. See § 473.153. The real question is whether the valuation, i. e., "of the personal property *administered*," and the resulting commissions and fees, should be applied in the computation of the inheritance tax (by way of increased deductions).

All agree that Missouri computes its tax upon the value of the property *at the time of the death* of a decedent. In re Rosing's Estate, 337 Mo. 544, 85 S.W.2d 495. The appraiser and the Probate Court did so here, and they also computed the deductions for fees and commissions upon that valuation. The tax was so assessed. The Director of Revenue says, in effect, that there can be no tax on any increased value, and that it should not be used for the purposes of increased deductions; that the beneficiaries are receiving the increase tax free and that they should bear the full difference caused by the additional fees. The executors insist that the commissions and fees allowed were a legitimate part of the expense of administration, that they were specifically authorized by statute, that the share of each beneficiary has been reduced by the additional allowances and that they are proper deductions. There appears to be a divergence in theory as between the taxing and probate statutes.

There seem to be no Missouri cases actually in point. The Director cites 3 New York Cases and a New Jersey case. The first is the case of In re Woolworth's Estate, Sup.Ct.App.Div., 235 App.Div.

160, 256 N.Y.S. 839 (1932). The following sentence at the beginning of the opinion shows that the New York tax law and the theory of the tax were sufficiently similar to ours to make the decision applicable. The court thus said, l. c. 841: "It is well settled that a transfer tax is not a tax upon property, but upon the right of succession, and also that only the net value of the estate as of the date of the decedent's death is taxable and that no part of any future increase may be taxed." The order assessing the tax in that case fixed the value of the estate and the commissions of the administrators (and the corresponding deductions) as of the date of death. The value of the estate later increased some $19,000,000 and the difference between the deductions allowed by the appraiser for commissions, and the commissions finally authorized by the court was $770,849.44. At that time the New York statute did not specify the deductions to be made, and the determination made was a result of the construction of "clear market value." The order of the Surrogate sustained an appeal by the administrators and allowed the larger deduction; this order was reversed in the opinion now discussed. The appellate court held: that only the value of the estate at death is taxable (after discussing many New York cases); that the tax is due as of the date of death; that the increase in valuation was not taxable, and that the deductions for commissions must be calculated upon the same basis as is the tax itself,—i. e., on the "clear market value," at time of death; that the increase was no part of the taxable estate transferred; that the additional expense *arose solely from property not transferred by the death,* but acquired thereafter, and that the commissions on the increase should be borne by the beneficiaries; and that if it were held otherwise, a part of the estate which did pass would be relieved of the tax. The court noted that the principle contended for would also require an increase in the tax and decreased deductions if the value of an estate *decreased* during administration. The theory of the administrators there was much the same as respondent's here,—namely, that expenses of administration were not a part of the estate "passing by the transfer" and that all such were therefore deductible. As noted, the court declined to accept that theory. We find that the decision is applicable on our facts; the question is whether we shall follow it. The Woolworth opinion was affirmed by the New York Court of Appeals, without opinion, in 260 N.Y. 637, 184 N.E. 125.

Later New York cases are In re Hard's Estate, Sup.Ct.App.Div., 261 App.Div. 192, 24 N.Y.S.2d 867 (1941), and In re Wallin's Estate, Sur.Ct., 168 Misc. 667, 6 N.Y. S.2d 476. When the opinion in Wallin was written the statute had been changed to make the tax an estate tax, but the court repeated the recognized doctrine that the tax was upon the value of the property at date of death, and specifically upon the right of succession; further that the rights of the beneficiaries accrue *at death,* and that no future increase is taxable. Consequently, the court held that the commissions of the executors must, for tax purposes, be computed upon the valuation of the estate at death. While there were some factual differences, the court followed the principle announced in Woolworth, supra. In the case of In re Hard's Estate, supra, a claim was also made for an additional deduction because of additional commissions occasioned by an increase in value. The court held: that the reasoning in Woolworth was sound, under the new taxing statute as well as the old, that the increase in value was not a part of the property transmitted by the deceased, and that the increase in commissions based thereon was not deductible. The court also noted that indefinite delay and confusion might well result if the fixing of the tax is allowed to depend upon increases or decreases in valuation.

The New Jersey case cited is In re Estate of Arkell, N.J.Super.App.Div., 103 N.J. Super. 266, 247 A.2d 130 (1968). There a deduction for increased executor's com-

missions based upon an increase in the value of the property had been disallowed by the Tax Bureau. The facts are complicated and cannot be detailed here. The court held: that it would follow the Woolworth decision, supra; that any increase in value was not property transferred by the death, and was not subject to the tax; that it followed, therefore, that any such increase should not affect the amount of deductions. The court also held, after examining the New York law, that the decisions there were not affected by the change in the New York statute. So much for the appellant's authorities.

The respondent cites nothing which we regard as actually in point. Its principal reliance seems to be upon the case of In re Rosing's Estate, 337 Mo. 544, 85 S.W.2d 495, which it says is analogous in principle. The appeal there was from an order of the circuit court allowing the amount paid for the federal estate tax as a deduction in computing the inheritance tax. Obviously, that is not very close to our situation. Certain principles stated should be noted, however. The court held: that the inheritance tax is one upon the right to receive property upon death; that the tax is to be paid "in due course" after death, and obviously cannot be paid immediately; that the statute does mean that the estate shall be valued as of the date of death; that the provision that the tax shall be imposed when any person "actually comes into the possession and enjoyment of the property," means only that the net amount received by each beneficiary shall be taxed. It was held that the amount of the federal estate tax was a proper deduction. That case is really no authority for respondent. It does not concern in any way a change in the valuation of the estate, and it seems to assume that all values are to be fixed as of the time of death. Appellant here concedes that only the net distributable estate is to be considered and taxed, as ascertained after making all deductions, but computed on the value at death.

The case of Scott v. Commissioner of Internal Revenue, C.A. 8, 69 F.2d 444, 92 A.L.R. 531, is also cited. The question there concerned the permissible deductions in assessing the federal estate tax on a Missouri estate. One item involved the commissions of the executors, and specifically that part allowed by reason of the distribution of the proceeds of the sale of real estate; the real estate had not been included in the gross estate. The court held that since Missouri law permitted the payment of commissions on that item and regarded it as an administration expense, such was a proper deduction. Respondent argues that although the real estate there was said not to be subject to the federal tax, it was held to come within "the sphere of the administration proceedings." We see no proper application of that opinion to our facts.

Other cases are cited merely to the point that taxing statutes must be construed "more strongly against the state." In re Rogers' Estate, Mo., 250 S.W. 576. In re Cupples' Estate, 272 Mo. 465, 199 S.W. 556. That principle cannot be decisive here. Respondent incorporates into its brief as Appendices two opinions of the Attorney General, dated October 25, 1938 and March 22, 1951. We note first that these could not in any sense be conclusive. We have considered them. Neither concerns the time of the valuation of an estate for the purposes of the inheritance tax or of deductions therefrom. One opinion (1951) dealt with the propriety of deducting from the gross estate fees paid to additional attorneys employed by certain heirs to resist a claim for services. The opinion noted the absence of sundry material facts in the statement submitted; the answer was very much qualified, and generally to the effect that: if the attorneys were employed by the heirs for their own benefit, the fees would not be an expense of administration; if the employment and services were for the benefit of the whole estate, reasonable fees might (in the court's discretion) be paid by the estate; that,

generally, the expenses of administration are considered to be deductible, since the tax is levied on the net value of the property going to the beneficiaries. The answer depended upon facts not disclosed and was therefore, "yes" or "no." The only conclusion from that opinion is that reasonable (and authorized) attorney's fees are deductible as an administration expense in computing the tax. The opinion does not in any way consider the statutory method of computing fees, which are now (at least in the first instance) based on a percentage of the value of the estate, § 473.153(3), nor the *time* as of which the estate is to be valued for that purpose. The other opinion (1938) was to the effect that the entire federal estate tax paid by a Missouri estate may be deducted in computing the Missouri Inheritance Tax, even though it may have been based in part upon property which is not included in the probate estate (as property held by the entirety, or real estate located outside Missouri). Citing In re Rosing's Estate, supra, and an Illinois case, the opinion concluded that, since the Missouri executor was required to pay the entire federal tax, and the heirs received that much less, the entire payment was deductible. This opinion merely reaffirms the principle that the Missouri tax is an excise upon the right to receive property and upon the amount received. It does not in any way concern questions of valuation or the time of valuation. The appellant in our case does not deny that the tax is levied upon the net property received and distributed; what he says is that *the amount so to be received and the deductions from the gross estate must, for tax purposes, be appraised, assessed and computed as of the date of death*. In our case the beneficiaries actually received substantially *more* than the net amounts estimated for them by the tax appraiser.

The principles announced in Woolworth, supra, are sound and applicable here. There must be some *certainty* in the assessment of the inheritance tax. There can be little or no certainty if the valua-

tions of an estate are to be changed, up or down. And, we may ask, if the deductions are to be recomputed, should not the gross value of the estate itself be recomputed for tax purposes as of the time of distribution? We feel sure that respondent would not be happy to accept that. Furthermore, if we permit an increase in deductions upon an increase in value, we would certainly have to permit a similar, but contrary in effect, decrease in deductions upon a decrease in value. All this would entail much confusion and uncertainty. Missouri has always valued its taxable estates as of the date of death. There seems to be no controversy about that. The methods of computation of the tax should be fixed and uniform. The statute itself says that the tax shall be payable "at the death of the decedent * * *." See § 145.110. This has been construed to mean that the actual payment may be made "in due course" after death, In re Rosing's Estate, supra; but the very wording of the statute indicates a legislative intent that the valuation shall be made as of that date for all purposes.

As the New York court says, the increase here did not come to the beneficiaries by reason of the death, but it accrued subsequently. The beneficiaries have presumably gained substantially in total effect because of the increase, despite the minor increase in fees and commissions. Respondent says that charitable bequests, homestead rights, etc., are not taxed, but that commissions and fees are computed upon their value; the situation is not analogous. Our question is *when* is an estate to be valued, both on its gross valuation and for deductions. Such items as respondent thus mentions are all considered in the computations made as of the time of death. If the legislature wishes to deal with this seeming lack of coordination between the inheritance tax statutes and the probate code, it may do so.

The judgment of the Circuit Court is reversed, with directions to affirm the

order of the Probate Court assessing the tax and overruling the exceptions.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.