TUNIS Q. HOLCOMBE ET AL. v. JAMES L. GRIGGS, EXECUTOR OF MARY E. HOLCOMBE, DECEASED.

Argued February 18, 1909—Decided June 7, 1909.

The declaration alleged in substance that plaintiffs, who were heirs-at-law and next of kin of a decedent, were cut off by her will, and before. it was offered for probate "evidenced their intention" of contesting it, and that the defendant's testator, then living, thereupon promised to leave them her estate if they would refrain from filing a caveat and permit the will to be probated, to which they agreed and which agreement they carried out by permitting the probate of the will. Afterwards the defendant's testator died without leaving her property as agreed. *Held*, that the declaration sets up a good cause of action for damages against the estate of the party who made the promise.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiffs, *McDermott & Enright.*

For the defendant, *Hugh K. Gaston.*

The opinion of the court was delivered by

PARKER, J. The plaintiffs are children of Oscar V. Holcombe, who was a son of Lucilla A. Holcombe, deceased, and as such represented their father as heirs-at-law of said Lucilla. The defendant is executor of Mary E. Holcombe, who was a sister of Oscar V. Holcombe and who survived her mother, Lucilla. Oscar, however, predeceased his mother.

The declaration sets forth that after the death of Lucilla A. Holcombe, who died seized of an estate of several thousand dollars, a document purporting to be her last will and testament gave by its terms to Mary E. Holcombe all her silverware, horses, cattle, phæton, carriage and harness, and all

household and kitchen utensils and the books contained in her library, and to her son, John W. Holcombe, and to said Mary E. Holcombe the farm in Franklin township, on which she resided, share and share alike; these two provisions carrying the bulk of her estate. The declaration goes on to say "that subsequent to the death of said Lucilla A. Holcombe and prior to the probate of said document as her will, the plaintiffs herein, well believing that the aforesaid alleged will had been procured by undue influence and that the testatrix at the time of the execution thereof was of unsound mind and without testamentary capacity, and that the alleged will was void and not in fact the last will and testament of the deceased, did evidence their intention to oppose the probate thereof and to file caveats against the same. That thereupon a family settlement was agreed upon and the said Mary E. Holcombe and the said plaintiffs did mutually agree by way of family settlement of the estate of said deceased that if the said plaintiffs would refrain from contesting said will and would permit the same to go to probate and permit the property of the deceased to pass thereunder and abandon their claims thereto as heirs-at-law and next of kin of the deceased, then that the said Mary E. Holcombe would by her last will and testament devise and bequeath all of her property, real and personal, of which she should die seized and possessed, over and above the amount necessary to pay her debts, unto the plaintiffs herein, share and share alike."

It goes on to say that the plaintiffs, relying on said promise and in consideration thereof, refrained from contesting the probate of said will and did permit the same to go to probate and abandoned their claims as heirs-at-law and next of kin, and that the will was afterwards probated and letters testamentary issued thereon, and that Mary E. Holcombe received and enjoyed the property left to her thereby; that afterwards Mary E. Holcombe died at Somerville, leaving personal property of the value of $5,000 and upwards above her debts, and that she failed to carry out her promise to devise and bequeath all her property to the plaintiffs, but on the contrary

disposed of it in other ways, leaving to the plaintiffs only a few personal articles. The grounds of demurrer are—*first,* that the declaration discloses no valid consideration for the supposed contract; *second,* that plaintiff has failed to set forth such a contract as would charge defendant to the performance thereof; *third,* that the facts do not justify recovery in a court of law.

So far as concerns the contract itself we think it is definite and sufficient, and that there was a breach; that an agreement to leave property by will, if made on sufficient consideration, is valid and will be enforced is well settled. *Johnson* v. *Hubbell,* 2 *Stock.* 332; *VanDuyne* v. *Vreeland,* 1 *Beas.* 142; *Winfield* v. *Bowen,* 20 *Dick. Ch. Rep.* 636. Recovery may be had by a suit for damages in a court of law. *Stone* v. *Todd,* 20 *Vroom* 274.

The contract is set out with sufficient definiteness in the declaration, which avers in substance that Mary E. Holcombe proposed to the plaintiffs that if they would refrain from a contest of the will in her favor, she in her turn would leave them her property, and that the plaintiffs agreed to this and performed their part of the agreement.

In *Grandin* v. *Grandin,* 20 *Vroom* 508, plaintiff had filed a caveat and was induced to withdraw it and to assign an interest in the estate in consideration of defendant's promise. It was held that while the withdrawal of the caveat might not have been a sufficient consideration because its filing had commenced a litigation which must then go on in the Orphans Court, the further action by way of assignment disabled plaintiff from claiming any share in the estate except under the will, even barring an action of ejectment.

*Rue* v. *Meirs,* 16 *Stew. Eq.* 377, is more like the present case. No caveat had been filed, and the father of infant heirs "expressed his dissatisfaction with the provisions of the will and protested against its admission to probate" (*p.* 378). The defendants made a promise in writing to pay $4,000 if complainant would abstain from contesting the probate and present the will to be proved. This he did. It was claimed

that the promise to pay $4,000 was without consideration, but the court held otherwise (Vice Chancellor Van Fleet). See foot of page 379.

We think the declaration somewhat loosely but still sufficiently sets up that plaintiffs believed they had a valid ground of contest and threatened to make such contest and that in view of such threat Mary made the agreement with them which is now sued on. If such a consideration would support a promise to pay $4,000 at once in cash, as in Rue *v.* Meirs, *supra,* it may well be held adequate to support a promise to leave one's property at death, retaining the benefit of it during life.

Our only difficulty in the case has been the question whether the intention "evidenced" by the plaintiffs of contesting the probate of the will was brought home sufficiently to Mary E. Holcombe to indicate that this was a moving consideration for her promise, but we conclude that this is sufficiently apparent on the face of the declaration, for it says "that thereupon a family settlement was agreed upon," and this can mean nothing else than that the promise of Mary was part of the family settlement, and that the family settlement was in view of the indication by the plaintiffs of their intention to contest the will.

Judgment will be entered for the plaintiffs on the demurrer.