CHARLES VAN HOUTEN, PLAINTIFF-RESPONDENT, v. ADMUND VAN HOUTEN, EXECUTOR, DEFENDANT-APPELLANT.

Argued March 13, 1916—Decided June 19, 1916.

1. Where a case has been fully tried including issues not perfectly pleaded and the complaining party has not been surprised, or suffered any injury, this court has the power to amend the pleadings to conform to the proof and should, in such case, in the interest of justice, exercise the power.
2. In an action by a grandson to recover from the estate of his grandfather on an oral contract by which the grandfather agreed to leave a legacy to the grandson in consideration of services to be rendered, it is not error to permit proof of the relationship, for it bears on the probability of the making of such a contract, because a grandfather would, ordinarily, be more likely to contract to give a legacy to one of his blood than to a stranger. The inferences to be drawn from such circumstance is for the jury to settle.

On appeal from the Passaic Circuit Court.

For the appellant, *John B. Humphreys* and *C. Frank Kireker*.

For the respondent, *Ward & McGinnis*.

The opinion of the court was delivered by

BERGEN, J. The plaintiff recovered a judgment for $10,-000 based upon an alleged contract that he would give up a project which he had of leaving the employment of the deceased, his grandfather, and going west to live. The grandfather in order to induce him to remain with him agreed, if he would do so, to leave him by will $10,000, and not having kept his agreement, plaintiff brought suit against his estate on the contract. The appellant, the defendant below, argues but three points, first, that the complaint is insufficient to support the action, and that judgment for that reason should have been for the defendant. The point made is, that the

complaint does not state whether the plaintiff was not to go west at that time to live, or not at any time during the grandfather's life, and second, that it does not state for how long a period he was to remain, and third, that the alleged consideration was not sufficient. The criticism that the length of time the plaintiff was to remain with his grandfather was not stated in the complaint seems to be justified, but the proof brought out by the defendant on cross-examination of plaintiff's witness shows that the agreement was that the plaintiff was to stay until the grandfather died, the testimony being, "If you stay here by me until I die, why you will get $10,000." The case was tried upon the theory that this was the contract and we think the complaint should be considered amended to cover the real issue tried, and that the motion to nonsuit upon this ground was properly refused. *Redstrake* v. *Cumberland Insurance Co.*, 44 *N. J. L.* 294. The power of amendment extends to this court, and where the issue has been fairly tried and no injury has been done to the party complaining, it is incumbent on this court in the interest of justice to exercise the power. *American Life Insurance Co.* v. *Day*, 39 *Id.* 89.

The brief of the appellant states that his chief reliance is upon "the uncertainty of the contract, or, rather, the uncertainty of the consideration of the contract," and argues, that the words "until he died," referred to the plaintiff, but this is not so because the very next question asked on cross-examination was, "Q. Until Charles died? A. No; until grandpop died." The effect of this testimony was for the jury and if they believed the witness, then the contract was that the plaintiff should stay with his grandfather until he, the grandfather, died.

It is also argued that as Charles and his brother each have similar actions, they should have been joined, and thus both witnesses disqualified, the action being against an executor of a will. But there is nothing in this, for the statute does not require that two plaintiffs must join, in a single suit, separate causes of action.

The next point is, that the court erroneously admitted testimony showing that a relationship of natural affection existed between the parties. We do not think this was error because by the very nature of the contract its making would be more probable if such a relationship existed, for if the plaintiff was of the blood of the contractor, he would be much more likely to make such a contract with him than he would with a stranger. These are the only points argued, and as to them we think there was no error, and therefore the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    15.

*For reversal*—None.