MARGARET MULROONEY, APPELLANT, v. CATHERINE O'KEEFE AND CATHERINE McGOWAN, EXECUTRICES OF THE LAST WILL AND TESTAMENT OF MARY PRENDERGAST, RESPONDENTS.

Submitted March 26, 1923—Decided June 18, 1923.

1. In passing upon a motion to nonsuit, the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motion is made, and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor.

2. In an action for the value of services rendered to the defendants' testatrix, where the testimony tended to show a mutual expectation that such services were to be paid for by a provision in the will—*Held*, to be a jury question as to whether there was a mutual understanding to that effect existing between the parties.

3. Where there is an agreement to pay for services by a provision in a will, and the testatrix so promising fails to make such provision, the person rendering such services is entitled to recover as a creditor of the estate for the value thereof.

4. If there be a promise to pay for services by will, and acceptance, so that an action is suspended until breach, the statute of limitations will run from the death of the promisor.

5. Such a promise being based on a contingency that might happen within a year, is not within the statute of frauds and does not have to be in writing.

On appeal from the Supreme Court.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Vreeland & Wilson.*

The opinion of the court was delivered by

ACKERSON, J. This action was brought in the Supreme Court by Margaret G. Mulrooney to recover for services rendered by her to the defendant's testatrix, Mary Prendergast, as business agent, bookkeeper, dressmaker and milliner, from September, 1896, to January, 1906, and for which it is alleged the testatrix promised to reimburse the plaintiff in

her will. Mary Prendergast died in 1921, and there was no provision for such payment made in her will. The case came on for trial in the Morris County Circuit, and at the close of plaintiff's case the court granted a nonsuit against the plaintiff, from which judgment plaintiff appeals to this court.

There are two questions involved in the disposition of this appeal. The first is whether there was any competent evidence from which the jury could have found an obligation on the part of the testatrix to pay for the services rendered; and the second question is whether, if such obligation ever existed, it had been barred by the statute of limitations.

A summary of the evidence shows that the plaintiff was not related to Mary Prendergast, the deceased, but had known her intimately for thirty-five years; that during the period from 1896 down to 1906, the plaintiff, who was then a young woman about twenty years of age, was engaged in the dressmaking business at her home in Summit, New Jersey, which was only a block from the home of the deceased, who at that period was around sixty years of age; that deceased was possessed of property, but could not read or write, and that during this period of about ten years, the deceased used to call at plaintiff's house on an average of three times a week, and that plaintiff attended to her correspondence, kept her books of account and also made dresses and hats for her. As to the circumstances and conditions under which these services were rendered, Helen Martin, one of plaintiff's witnesses, testified that she heard the deceased ask the plaintiff to write her letters and keep her books of account.

She also testified that the plaintiff would work on the books evenings, and from seven o'clock up to as late as twelve o'clock on some occasions; that she made about twelve dresses a year for deceased and also made hats for her, and she also testified as to the reasonable value of such dresses and hats, and she further testified that she heard plaintiff ask the deceased for payment about three years after the commencement of the work (which would be about 1899), using these significant

words, "I have been working for you now three years," and
then proceeded to say that she needed the money, whereupon
the deceased said that she didn't have the money as it was all
tied up, but that she would remember the plaintiff in her
will, and that plaintiff said "all right." This witness further
testified that in February, 1906, plaintiff told deceased that
she was going away to prepare herself to become a nurse and
would be under heavy expense and needed some money and
asked deceased if she could let plaintiff have some, whereupon
the deceased said: "God bless you Margaret, my money is
all out on mortgages, but I will remember you in my will."

Another of plaintiff's witnesses, Daniel McNamara, testified
to the frequency of the deceased's call at plaintiff's home,
and that the deceased had told him that she was going there
because "Margaret [the plaintiff] was doing some work for
her, keeping track of her money and so on;" and that when
witness called upon the deceased during her last illness, she
told him that "she wanted to leave Maggie Mulrooney some-
thing, as she was awful good to her when she was here."

Still another of plaintiff's witnesses, who was a beneficiary
under Mary Prendergast's will, testified that she often heard
the deceased say that the plaintiff used to work for her and
used to write and sew for her.

This was the state of the evidence at the close of the plaint-
iff's case and the court in granting defendant's motion for
a nonsuit said, *inter alia:*

"This evidence is so indefinite and circumstances are such
as to indicate that there was a gratuitous service rendered
that was never formed into a legal obligation by a promise,
and the acceptance of benefits under circumstances that would
imply a promise."

In passing upon a motion to nonsuit, however, the court
cannot weigh the evidence, but must take as true all evidence
which supports the view of the party against whom the motion
is made, and must give him the benefit of all legitimate in-
ferences which are to be drawn therefrom in his favor. *Andre
v. Mertens,* 88 *N. J. L.* 626.

Applying this test to the evidence above related, the jury could have properly found therefrom that the plaintiff, at the request of the defendants' testatrix, did bookkeeping and dressmaking for her for a period of about ten years upon an understanding arrived at between them that the plaintiff should be compensated for such services by a provision therefor in the testatrix's will, at least there was testimony which tended to show that there was a mutual expectation that the plaintiff was to be paid, and that such compensation was to be by a provision in said will, and it became, therefore, a jury question whether or not such mutual understanding existed between the parties. *West* v. *Prest, ante p.* 209. If it was their understanding that the plaintiff should be paid, the intended provision in the will was but the method of paying an existing and admitted obligation to compensate for the services rendered, and if the deceased failed to pay in the manner indicated, the plaintiff is entitled to recover, as a creditor, for the value of her services. *Stone* v. *Todd,* 49 *N. J. L.* 274, 281.

Still, it is contended that even though there was a valid agreement to pay for such services, nevertheless, since the services terminated in February, 1906, and the action was not instituted until after the death of the testatrix in 1921, more than six years having elapsed, the statute of limitations will bar a recovery. Where, however, there is an agreement relating to the time of the promisor's death, such as payment to be made for services by a provision in the promisor's will, then the right of action is suspended until the promisor's death, and the statute will not begin to run until the breach occurs. *Stone* v. *Todd, supra.* And it might be added that such a promise, being based on a contingency that might happen within a year, is not within the statute of frauds, and does not have to be in writing. *Stone* v. *Todd, supra.*

For the reasons already stated, the judgment below should be reversed.

*For affirmance*—KATZENBACH, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   12.