John Soden died resident in Middlesex county on November 18th, 1927, leaving a will, duly probated, whereby he devised and bequeathed his estate to divers persons, not including Josephine Mills.
Thereafter Josephine Mills filed her bill in the court of chancery against the executor and devisees and legatees, alleging that decedent had in his lifetime, for valid and adequate consideration duly performed by the said complainant, promised to "leave to complainant, upon his death, all the property of which he should die seized and possessed."
The final decree in that suit recites that the complainant has duly established the agreement set forth in the complaint and is entitled to specific performance of that agreement and adjudges and decrees that the executor be deemed to hold all the personal property, subject to the payment of decedent's debts and administration expenses, in trust for the said complainant, and that he turn over said net estate to complainant, and that the devisees convey the real estate to complainant. *Page 596 
The decree was duly carried out, and complainant received real and personal property worth $3,845.76.
On this transfer the comptroller assessed a tax against her of $307.66, as though Mrs. Mills had taken as beneficiary under the will of decedent; and Mrs. Mills appeals. The question at issue is whether the transfer is or is not taxable under the statute.
It is contended by the respondent that the decedent's promise was to leave by will; that the decree is for specific performance of that promise, and that the actual transfer to appellant must be deemed a transfer by will, and hence taxable.
It may be doubted whether a promise to leave at death the property of which the promisor dies seized and possessed, is equivalent to a promise to leave by will; it would seem that such a promise might equally well be performed by the execution by the promisor of a declaration of trust or perhaps by deed to take effect at death.
Assuming, however, that the decedent's promise was to leave by will, and that the court of chancery so found, it remains incontrovertible that decedent did not leave this property to the appellant by will, and that appellant did not receive it by will. On decedent's death there was a transfer of his property by will, not to the appellant, but to the defendants in the equity suit; and the appellant received title by conveyance from those defendants pursuant to decree that they should so convey. It is true that the decree recites that "complainant is entitled to specific performance of the agreement" (and that we are assuming that the agreement was an agreement to leave by will) — but the decretal portion of the decree does not order that the agreement be specifically performed. It is obvious that such an order would be futile if it had been made. Suits against subsequent grantees or devisees from a promisor are often called suits for specific performance, but it is obvious that in fact they are not — they are essentially suits to establish and enforce a trust. The decree (if complainant be successful) is not that the promisor specifically perform his promise, but that his transferees *Page 597 
shall transfer to complainant, frequently upon terms and conditions which are not found in the original contract but which are equitably necessitated by the subsequent circumstances.
So in the instant case — the decree was not that the promisor specifically perform his promise to leave by will; but that his transferees should transfer to complainant — which they did.
The comptroller has assessed a tax as on a transfer by will from decedent to Mrs. Mills. There was no transfer to her by will, hence the assessment of such a tax is erroneous.
It does not avail respondent to say that the net result to Mrs. Mills is the same as if decedent had performed his promise, and that equitably she should pay the tax. The right of the state to assess and collect the tax must be found in the express language of the plain intendment of the statute, or it does not exist.Bente v. Bugbee, 103 N.J. Law 608.
Clearly, and concededly, the statute gives no right to tax a transfer from decedent's devisees or legatees or executor, made by or pursuant to a decree in chancery, nor to tax a transfer by will to Mrs. Mills, when the will makes no transfer to her.
It may be that the state could validly have imposed a tax upon the actual transfers in fact made by the will to the beneficiaries therein named; and it may be that if this had been done, the decree in the chancery suit would have directed the transfer by the defendants after deducting the taxes so assessed. These questions, however, are not now before the court and need not be decided.
Respondent cites a number of cases holding that transfers by will are taxable notwithstanding that the testamentary gifts are by way of payment of debts or in lieu of dower rights, and the like. Obviously these are not in point; they are cases where the transfer sought to be taxed was in fact made by will, which is not the case here.
Respondent also cites and relies on In re Kidd, 188 N.Y. 274
— a case precisely similar to the instant case, where the New York court upheld the tax on the ground that the *Page 598 
devolution of the property did take place under the will. With all due respect to that court, this court finds itself unable to agree. The devolution of title which took place under the will was not to Mrs. Mills. The transfer to Mrs. Mills was not under the will. But the tax assessed is on a transfer by will to Mrs. Mills, and seems therefore clearly unsupportable.
The question here determined was left undetermined by the court of errors and appeals in Bente v. Bugbee, supra. In that case the appellant had recovered a judgment at law for damages for decedent's failure to perform his promise to leave by will — and the tax was held erroneous. The essential principle would seem the same.
In that case the suit was at law, in the present case it is in equity — but in each case the suit is for redress for the failure of decedent to leave by will — in each case there is an absence of a transfer by will to the person sought to be taxed as a transferee by will.
The tax will be set aside.