IN THE MATTER OF THE APPEAL OF JOSEPHINE MILLS, FROM THE ASSESSMENT LEVIED AGAINST HER TRANSFER IN THE ESTATE OF JOHN SODEN, DECEASED.

Submitted May 16, 1930—Decided November 17, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *William A. Stevens.*

For the defendant, *Paul W. Ewing.*

PER CURIAM.

John Soden, by his will dated May 25th, 1925, and probated March 2d, 1928, left his estate amounting to a few thousand dollars to various relatives and friends. Three shares of building and loan stock were bequeathed to Josephine Mills. For twelve years prior to his death, he had lived with her and she had provided him with board, lodging and care.

Mrs. Mills, after the probate of Soden's will, filed a bill in chancery for the specific performance of a contract made to devise to her the entire estate in consideration of her providing testator during the remainder of his life with a home

and care. The court decreed specific performance of such contract and reformed the will accordingly.

A transfer inheritance tax amounting to $307.06 was levied and assessed by the comptroller on the theory that Mrs. Mills took under and by virtue of the will, and that hence there was a transfer of property which was taxable in accordance with the Transfer Inheritance Tax act of this state.

In an unreported memorandum, Vice-Ordinary Buchanan held otherwise, saying: "On decedent's death there was a transfer of his property by will, not to Mrs. Mills, but to the defendants in the equity suit; and Mrs. Mills received title by conveyance from those defendants pursuant to decree that they should so convey. It is true that the decree recites that 'complaint is entitled to specific performance of the agreement' [and that we are assuming that the agreement was an agreement to leave by will], but the decretal portion of the decree does not order that the agreement be specifically performd."

Mr. Justice Parker's headnote in the case of *Bente* v. *Bugbee,* 103 *N. J. L.* 608, is as follows: "Appellant, at the request of one S., now deceased, agreed to take him into her home and to provide him with board, lodging, care, &c., in consideration of a legacy of $15,000 to appellant, to be contained in his will. Appellant performed her part of the agreement for two and one-half years, when S. died, leaving a will which had contained the legacy but from which it had been exscinded. She made claim on the estate, which was enforced by a suit at law resulting in a judgment in her favor for the amount named. Held, under the Succession Tax act, that this recovery was not a transfer by will, or by the intestate laws, and not being within any other provision of the statute, was not taxable thereunder."

It is apparent that chancery imposed a trust upon the beneficiaries under the will in order that Mrs. Mills might secure that which, in equity and good conscience, was hers. She takes, in spite of the will and the intestate laws of this state, under a trust not created by will.

The decree setting aside the transfer inheritance tax assessment is affirmed.