9 N.J. Super. 189 (1950)
75 A.2d 743
BEATRICE SULLIVAN, SUBSTITUTIONARY ADMINISTRATRIX, ETC., APPELLANT,
v.
WALTER T. MARGETTS, DIRECTOR, DIVISION OF TAXATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1950.
Decided September 28, 1950.
*191 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Newcomb B. Pines (of the New York Bar) argued the cause for appellant (Mr. Ira J. Katchen, attorney).
Mr. William A. Moore argued the cause for respondent (Mr. Theodore D. Parsons, Attorney General).
The opinion of the court was delivered by BIGELOW, J.A.D.
The administratrix of decedent's estate appeals from the transfer inheritance tax assessment. The facts, or alleged facts, upon which she relies, are as follows:
From the spring of 1929 to decedent's death two years ago, appellant served decedent as nurse and housekeeper in reliance upon his promise to bequeath to her either his whole estate or sufficient property to compensate her reasonably for her services. We do not mean that the decedent's promise embodied the alternatives, but rather that we are uncertain whether appellant asserts an agreement of the one sort, or of the other. Notwithstanding his undertaking, decedent died intestate. Thereupon appellant instituted in the Chancery Division an action against the temporary administrator and the next of kin in which, by the several counts of her complaint, she presented her claim in both aspects and prayed judgment in the alternative, either a decree for specific performance and for defendants to pay over to her all the assets of the estate, or else judgment for the reasonable value of her services to the deceased. The litigation ended in a settlement pursuant to which appellant was appointed administratrix, assumed liability for decedent's debts and for taxes and administration expenses, and paid over to the next of kin $17,000 in full settlement of their interest in the estate, retaining the balance for her own benefit.
Appellant filed an inheritance tax report in which she showed a net estate of $17,000, which was the sum paid the next of kin. In order to reach this figure, she deducted counsel fees of $12,500 and a debt due herself for services rendered *192 to the deceased which she stated at $21,121. The last amount is what she expected to realize on decedent's promise and the settlement, before deducting inheritances taxes. The Division of Taxation reduced the counsel fee to $500 and disallowed in toto the alleged debt to appellant and taxed the transfer to the next of kin as on a net estate of $49,144. It should be noted that the Division has not levied a tax upon the transfer to appellant, and it is clear that no tax could properly be imposed upon that transfer, inasmuch as the transfer was not effected by one of the means specified in the tax law, namely, by inter vivos transfer by will or by intestate succession. Bente v. Bugbee, 103 N.J.L. 608 (E. & A. 1927); In re Soden, 105 N.J. Eq. 595; affirmed, 8 N.J. Misc. 843 (Sup. Ct. 1930).
The precise question before us is whether the amount that appellant took under the settlement for herself and to compensate her attorney, is an allowable deduction under R.S. 54:34-5. The two items may be lumped together, for the attorney was paid out of appellant's funds; if the fee is reduced, her share is correspondingly increased. First, however, we would consider the situation as if no compromise had been reached between appellant and the next of kin.
The law is entirely settled that a person may make a valid agreement binding himself to make a particular disposition of all or part of his property by last will and testament. Lawrence v. Prosser, 88 N.J. Eq. 43 (Ch. 1917). Under appropriate circumstances the remedy for the breach of the agreement is found in equity. Johnson v. Hubbell, 10 N.J. Eq. 332 (Ch. 1855). The typical case which is brought in equity arises from a promise to devise land, and the usual remedy is a decree imposing a trust on the heir or devisee and ordering him to convey the land to the promisee-complainant. Pom. Eq. Rem., § 746. Although the case before us does not involve land  for decedent owned none  yet the Attorney General, assuming that the decedent's agreement was to make appellant his sole legatee, argues first that appellant's only remedy was an equitable action to charge the *193 next of kin as trustees and to require them to transfer the estate to him; and second, that appellant was not a creditor but the beneficiary of a trust and hence the amount or value of appellant's interest was not deductible in the computation of the inheritance tax. Savings Inv. & Tr. Co. v. Martin, 119 N.J. Eq. 611 (Prerog. 1936). We direct our attention particularly to the first proposition, that appellant's only remedy was the equitable one. Generally speaking, breach of contract gives rise to an action for damages. When, but only when, that remedy is inadequate, the injured party may sue in equity. Welsh v. Hour, 100 N.J. Eq. 417 (Ch. 1927). Although he may be able to maintain a suit in equity, he also has a right of action at law, though his remedy there be inadequate and perhaps the only judgment recoverable will be for nominal damages. We have in our books many precedents of actions at law arising from breach of contract to make a will. Smith v. Smith's Admrs., 28 N.J.L. 208 (Sup. Ct. 1860) and Updike v. Ten Broeck, 32 N.J.L. 105 (Sup. Ct. 1866), were actions each for the reasonable value of services rendered in consideration of an oral contract to devise a certain farm. In Stone v. Todd, 49 N.J.L. 274 (Sup. Ct. 1887), deceased agreed that plaintiff should be "compensated liberally" for her services either by will or by a charge against his estate. Messenger v. Paterson Sav. Inst., 91 N.J.L. 654 (E. & A. 1918), was based on an agreement to pay for services "at my death." In Schmetzer v. Broegler, 92 N.J.L. 88 (Sup. Ct. 1918) and in Mulrooney v. O'Keefe, 98 N.J.L. 853 (E. & A. 1923), the promise was to pay for services by a legacy without specifying the amount. In Van Houten v. Van Houten, 89 N.J.L. 301 (E. & A. 1916), plaintiff recovered judgment against the executor for $10,000 upon decedent's promise to bequeath him that sum.
Holcombe v. Griggs, 78 N.J.L. 186 (Sup. Ct. 1909), came before the court on demurrer to the declaration in which the plaintiff sought damages for breach of testator's contract to devise and bequeath all her property to plaintiffs. One of the grounds of demurrer was that there could be no recovery in *194 a court of law. The court held to the contrary and awarded judgment for plaintiffs. This decision, it will be observed, runs flatly counter to the contention of the Attorney General.
It is unimportant whether decedent, in the matter before us, promised to leave to appellant his whole estate or whether he promised only so much as would be fair compensation. In either case, she could maintain an action for damages for breach of contract. And the sum which ought to be adjudged her in such an action, is deductible in order to determine the taxable value of the estate, for it is one of the "debts of the decedent owing at the date of death." R.S. 54:34-5. The word debt in the statute is not used in its narrow sense as liquidated demands; but includes all enforceable pecuniary obligations incurred by testator and in existence at his death. In general, the net estate for the purpose of taxation is that portion of the whole which the next of kin are entitled to receive. In re Dillinger, 94 N.J. Eq. 409 (Prerog. 1922).
The Attorney General counts heavily on Savings Inv. & Tr. Co. v. Martin, supra. There testatrix breached a contract she had made to transfer her entire estate by will to a certain person. He sued in Chancery to establish a trust and compel the legatees and devisees to transfer the estate to him. By way of compromise embodied in a consent decree, the residuary beneficiaries conveyed to him part of the lands and the executor was required to pay him a considerable sum. On these facts, the Prerogative Court held that the amount or value so transferred to decedent's promisee was not deductible in calculating the tax. The decision was put principally on the ground of election, that the promisee chose to assert a trust rather than a debt. "The decree in Chancery was not for the payment of a debt but for the transfer of property decreed to be held in trust for him by those to whom it had been transferred by decedent's will." We need not consider the soundness of that decision, for we are satisfied that it does not apply to the instant case, for here appellant has not elected to assert a trust instead of a debt. She asserted both theories in her suit, and the consent judgment entered *195 therein, like the contract on which it was based, does not depend on the trust theory. The device chosen by the parties to effectuate the settlement was to secure appellant's appointment as administratrix so that, by operation of law, she took title to decedent's personalty as his representative and not as transferee of the next of kin. Then on receipt of $17,000, the latter estopped themselves, by release, from demanding that she account as administratrix.
The compromise reached between the parties does not increase the tax burden. Likewise, it should not be permitted to diminish the burden. In re O'Neill, 111 N.J. Eq. 378 (Prerog. 1932). We are uncertain whether the Director of the Division of Taxation has investigated the facts on which appellant's claim against the estate was based, and has satisfied himself that the settlement was fair. (The contract by which the matter was compromised, hints at property transferred to appellant by decedent in 1947.) If the Director is satisfied in this regard, the tax should be recalculated on a net estate of $17,000. If the Director has not made the requisite inquiry, he should do so and assess the tax in an amount justified by the facts and in accordance with the views above expressed. Whichever be the situation, the assessment from which the appeal is taken must be set aside.