103 N.J. Super. 266 (1968)
247 A.2d 130
IN THE MATTER OF THE ESTATE OF WILLIAM CLARK ARKELL, DECEASED.
Superior Court of New Jersey, Appellate Division.
Decided October 18, 1968.
*267 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. George A. Brown argued the cause for appellants (Messrs. Morrison, Lloyd & Griggs, attorneys).
Mr. T. Robert Zochowski, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney; Mr. Elias Abelson, Deputy Attorney General, of counsel).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
In calculating the taxable value of decedent's estate, the Transfer Inheritance Tax Bureau (Bureau) refused to allow as a deduction that portion of the executors' commission which was calculated upon the amount by which the market value of the common stocks left by the testator had risen since his death. The executors appeal. We affirm.
In 1962 the Bureau promulgated a ruling which reads in part as follows:
"Pursuant to the authority granted by the Director of the Division of Taxation the following policy will be followed in determining the amount to be allowed as a deduction for executor's or administrator's commissions. (R.S. 54:34-5c; N.J.S. 3A:10-1 et seq).

 1. Rates
 First ............. $ 100,000.00  5% (Statutory)
 Next ............. 400,000.00  3 1/2%
 Next ............. 500,000.00  3%
 Excess over ............. 1,000,000.00  2%

*268 * * * * * * * *
3. Where a formal account is filed, and the amount allowed by the court for the executor's or administrator's commissions is greater than the amount previously fixed by the Bureau, the examiner shall, before revising the assessment, obtain a plain copy of the judgment allowing commissions, and shall apply the rate used by the court to the value, as of the date of death as determined by the Bureau, of the property on which the allowance of the court is based; provided, that the value of any property not subjected to tax shall be excluded from the computation." (Emphasis ours)
The Chancery Division granted executor's commissions of $231,540, admittedly calculated upon the following formula:

 "$ 100,000 at 5% ......................... $ 5,000.
 5,012,000 at 3 1/2% ..................... 175,420.
 5,112,000 at 1% ......................... 51,120.
 _________
 $231,540."

The Bureau allowed a deduction of only $173,386.06 of this amount, on the basis that the difference represented commissions upon the increased value of the stocks. The executors contend that this was error, arguing that, since R.S. 54:34-5(c) says flatly that "The ordinary expenses of administration, including the ordinary fees allowed executors" shall be allowed and sets forth no exceptions or limitations upon this direction, the Bureau was obliged to follow the express language of the statute, and its regulation to the contrary is invalid. Furthermore, pointing out that N.J.S. 3A:10-1 provides that "Allowance of commissions on corpus in excess of $100,000.00 to executors * * * shall be made with reference to their actual pains, trouble and risk in settling the estate, rather than in respect to the quantum of the estate," they argue that the statute sets up no mathematical formula for the calculation of commissions in estates of this size; if it were not known how the Chancery Division arrived at the commissions it awarded, the entire sum would have to be allowed by the Bureau; and the fact that here the court's reckoning was known should make no difference. Indeed, say they, the court did not reward them *269 for the rise in value of the stocks but rather for the risk they took in advising their retention, and the use of the mathematical formula was purely fortuitous and was not intended to isolate and pay for the rise in value.
A testamentary transfer, in legal contemplation, occurs at the date of death; the value of the property so transferred upon which the tax is computed is its net value as of the date of death; the tax is not only due but vests in the State immediately upon the date of death, and the appreciation of the value of the assets after the testator's death is not taxable. Hamlen v. Martin, 128 N.J. Eq. 393 (Prerog. 1940); United States v. Kingsley, 41 N.J. 75 (1963); R.S. 54:35-1. That being so, we are persuaded to follow the reasoning of In re Woolworth's Estate, 235 App Div. 160, 256 N.Y.S. 839 (App. Div. 1932) affirmed 260 N.Y. 637, 184 N.E. 125 (Ct. App. 1932). There commissions based on an increase in asset value were disallowed. The Appellate Division said that since "no increase in the value of the estate occurring subsequent to the transfer is taxable * * *
It would seem to follow naturally and logically that any increase or decrease cannot affect the amount of deductions based thereupon, but that such deductions should be based upon the value of the estate passing at the time of decedent's death." (256 N.Y.S., at p. 847)
The court continued:
"In other words, these commissions on the increase are an expense having no basis in the property transferred, but arising solely from property not transferred by the decedent's death and acquired since the transfer, and therefore not subject to taxation.

* * * * * * * *
[The increase in value upon which these commissions are based] accrued and became the property of the beneficiaries subsequent to the transfer, and it would seem that any commissions based upon this increase are an expense to be borne by the beneficiaries of the estate and not deductible from the appraised value. To deduct these additional commissions from the appraised gross value of the estate at the time of decedent's death would result in relieving from taxation a portion of the estate which did pass to the transferees." (at p. 848)
*270 The executors reply that this decision might have been to the contrary if the New York statute had specifically directed the deduction of executor's commissions, as ours does, citing a comment in 92 A.L.R. 537, 544 (1934) to that effect. However, as the Bureau points out, the New York Appellate Division, in In re Hard's Estate, 261 App. Div. 192, (App. Div. 1941) 24 N.Y.S.2d 867 (1941), held the reasoning of Woolworth applicable to the New York Tax Law of 1930, McKinney's Consol. Laws, c. 60 (adopted after Woolworth's death) which, in § 249-n, provided for an estate tax on the decedent's "net estate," and in § 249-s defined the "value of the net estate" as the "gross estate" minus, inter alia,
"1. Such amounts * * * (b) for administration expenses * * * as are allowed by the laws of this state. * * * Deductions on account of commissions or allowances to executors shall not exceed the amount of such commissions or allowances as prescribed by law."
Under section 285, subdivision 2 of the Surrogate's Court Act then in effect commissions were to be computed on "the value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, * * *." Nevertheless the court held in Hard's Estate that the reasoning in Woolworth was unaffected by the enactment of the new law.
Affirmed.