CRABTREE, J. T. C.
This is a transfer inheritance tax case wherein plaintiff seeks review of defendant’s determination disallowing $24,585 of a claimed deduction of $35,835 for debts of decedent. The disallowance resulted in an additional assessment of $1,229.25, a portion of which has been paid.
Plaintiff is the widow of Julius Kollinger, who died testate on January 30, 1978, a resident of Maplewood, New Jersey. Plaintiff is also the executrix of decedent’s estate. Prior to his death decedent and two other individuals owned, in equal shares, all the issued and outstanding capital stock of Central Photo Service, Inc., a New Jersey corporation. On or about June 6, 1975 the corporation borrowed $140,000 from the Maplewood Bank and Trust Company (the bank). The loan was guaranteed by the shareholders. Prior to decedent’s death the loan fell into default, at which point the shareholders were unconditionally liable to the bank under the terms of their guarantees. The outstanding loan balance at the time of decedent’s death was $83,039. Plaintiff deducted one-third of this amount, i.e., $27,-680.
In July 1978, some months after decedent’s death, the bank, the two surviving shareholders, plaintiff and the corporation entered into an agreement whereby decedent’s estate and plaintiff individually would be released from all liability for the bank loan in return for plaintiff’s payment to the bank of $11,250. This amount represented one-half the proceeds of a life insurance policy provided by the corporation on decedent’s life and payable to plaintiff individually as beneficiary. In September 1978 the payment was made and the releases executed.
The corporation was also indebted to Eastman Kodak Company (Kodak) on open account for goods sold and delivered. *655 Plaintiff claimed a deduction for one-third of $24,465, the amount allegedly due and owing to Kodak at the death of decedent. The evidence with respect to the amount of such indebtedness at the time of decedent’s death is confusing and contradictory. Moreover, assuming without deciding, that decedent executed a guarantee of such indebtedness substantially identical to the guarantee signed on September 12, 1978 by the other shareholders, there is no proof that the events giving rise to liability under the guarantee occurred in decedent’s lifetime.
Defendant reduced the deduction for decedent’s share of the bank debt to $11,250, the amount for which such debt was ultimately compromised. The deduction for the Kodak debt was disallowed in toto for failure of proof.

The Bank Debt

Plaintiff contends that decedent’s proportionate share of the full amount of the indebtedness to the bank outstanding on the date of decedent’s death is deductible as a debt owing at the date of death within the contemplation of N.J.S.A. 54:34-5, notwithstanding the post-mortem compromise thereof for a lesser amount. Defendant argues that the compromised amount is the limit of the deduction, for, says defendant, a debt is only deductible to the extent it actually diminishes the property passing to the transferee.
The New Jersey Transfer Inheritance Tax is a transfer tax imposed upon the clear market value of property passing to the transferee. Bugbee v. Roebling, 94 N.J.L. 438, 111 A. 29 (E. & A. 1920); N.J.S.A. 54:34-5. The transfer occurs at the date of death and the value of the property transferred is determined on that date. In re Arkell’s Estate, 103 N.J.Super. 266, 247 A.2d 130 (App.Div.1968). The tax is not only due and owing but vests in the State immediately upon death. Id.; N.J.S.A. 54:35-1. The law permits an eight-month grace period before interest is added to a late payment of the tax. N.J.S.A. 54:35-3.
In determining the clear market value of transferred property a deduction is allowed for “[djebts of the decedent *656 owing at the date of death.” N.J.S.A. 54:34-5(a). A debt within the meaning of the statute is not only a liquidated demand; it includes all enforceable pecuniary obligations incurred by the decedent and in existence at the time of his death. Sullivan v. Margetts, 9 N.J.Super. 189, 75 A.2d 743 (App.Div. 1950).
While it is true that succession tax deductions for contingent or disputed claims are ordinarily limited to the amounts for which those claims are ultimately settled, McCoy v. Rasquin, 102 F.2d 434 (2 Cir. 1939); Comm’r v. State St. Trust Co., 128 F.2d 618 (1 Cir. 1942), decedent’s obligation to the bank is not in those categories. Decedent’s guarantee of the bank’s loan to his corporation ripened into an unconditional, legally enforceable obligation prior to his death. On the date of decedent’s death the balance due the bank was ascertainable and undisputed. This being so, the ultimate disposition of the bank’s claim against decedent and plaintiff is irrelevant. What matters is the state of affairs prevailing on the date of the decedent’s death. It has been held, for example, that a claim against a decedent’s estate, enforceable on the date of death but later barred for the creditor’s failure to file a claim within the time prescribed by law, is nevertheless deductible as a debt of decedent for federal estate tax purposes. Winer v. United States, 153 F.Supp. 941 (S.D.N.Y.1957).
Defendant advances the seductively simple proposition that, since the tax is a transfer tax measured by the value of property passing to the transferee, it should be imposed only on the value of property actually transferred, or, to put it differently, only claims which diminish the property passing to the beneficiary should be allowed.
A view of the statutory scheme embodied in the transfer inheritance tax statute discloses the fundamental flaws in defendant’s reasoning. Defendant’s position presupposes that the tax is measured by the state of facts existing on the date of final distribution, not the date of death. Consistent therewith, any post-mortem appreciation or depreciation in asset values *657 would be taken into account. That, however, is not the law. The critical valuation date is the date of death and neither appreciation nor decline in asset values thereafter has any bearing on determination of the tax. In re Arkell’s Estate, supra; Spalding v. Martin, 119 N.J.Eq. 603, 183 A. 281 (Prerog. 1936).
Furthermore, in virtually all cases where an estate is subject to the federal estate tax, the amount of property passing to beneficiaries is substantially reduced by that tax, notwithstanding the credit allowable for state death taxes. Yet, the law expressly denies any deduction for federal estate taxes. N.J. S.A. 54:34-5(e).
Cases relied upon by defendant are distinguishable on their facts and do not stand for the proposition defendant ascribes to them. Moreover, the case of Savings Investment & Trust Co. v. Thayer Martin, 119 N.J.Eq. 611, 183 A. 286 (Prerog.Ct.1936), upon which defendant appears to place principal reliance, is not only distinguishable, it is of dubious precedential vitality. See In re Lingle’s Estate, 72 N.J. 87, 93, n. 2, 367 A.2d 878 (1976).
Thus, as will be seen from the foregoing, the legislative design requires that the tax be calculated on the basis of asset values and debts as they appear on the date of decedent’s death, except for contingent or contested claims, which, by their very nature, are unascertainable on the critical date.
Plaintiff’s claimed deduction for decedent’s share of the bank debt will be allowed.

The Kodak Debt

 Plaintiff bears the burden of overcoming the presumption of correctness attaching to defendant’s determination. In re Grabfeider’s Estate, 107 N.J.L. 520, 153 A. 532 (E. & A. 1931). See Tracy v. Alexander, 17 N.J. 397, 402, 111 A.2d 492 (1955). Plaintiff has failed utterly to prove either the amount of indebtedness owed by the corporation to Kodak on the date of decedent’s death or the occurrence prior thereto of an event giving rise to an unconditional liability of decedent under his guarantee of corporate indebtedness to the creditor.
*658 Defendant’s disallowance of the deduction claimed for decedent’s share of the indebtedness allegedly owed Kodak is therefore affirmed.
The parties will submit computations of the refund to which plaintiff is entitled pursuant to R. 8:9-3, following which judgment will be entered.